# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | |
|---|---|
| DENISE TORRES, | : |
|       Plaintiff, | : |
| VS. | : |
| | :   1: 11-CV-24 (WLS) |
| MICHAEL J. ASTRUE, | : |
| Commissioner of Social Security, | : |
|       Defendant. | : |

## RECOMMENDATION

The Plaintiff herein filed this Social Security appeal on February 9, 2011, challenging the Commissioner's final decision denying her application for disability benefits, finding her not disabled within the meaning of the Social Security Act and Regulations.   Jurisdiction arises under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c).   All administrative remedies have been exhausted.

## LEGAL STANDARDS

In reviewing the final decision of the Commissioner, this court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence.   *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983); *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983).   The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991); *Richardson v. Perales*, 402 U.S. 389, 401

(1971).  In reviewing the ALJ's decision for support by substantial evidence, this court may not reweigh the evidence or substitute its judgment for that of the Commissioner.  "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence."  *Bloodsworth*, 703 F.2d at 1239.  "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal."  *Cornelius*, 936 F.2d at 1145-1146.

Under the regulations, the Commissioner evaluates a disability claim by means of a five step sequential evaluation process.  20 C.F.R. § 404.1520.  In Step One, the Commissioner determines whether the claimant is working.  In Step Two, the Commissioner determines whether a claimant suffers from a severe impairment which significantly limits his ability to carry out basic work activities.  At Step Three, the Commissioner evaluates whether the claimant's impairment(s) meet or equal a listed impairment in Appendix 1 of Part 404 of the regulations.  At Step Four, the Commissioner determines whether the claimant's residual functional capacity will allow a return to past relevant work.  Finally, at Step Five, the Commissioner determines whether the claimant's residual functional capacity, age, education, and work experience allow an adjustment to other work.

*Administrative Proceedings*

The Plaintiff filed applications for disability and Supplemental Security Income benefits with a protective filing date of September 26, 2006, alleging disability since November 10, 2003 due to diabetes, high cholesterol, high blood pressure, diabetic neuropathy, depression and bipolar disorder. (T- 118-127, 64, 68).  Her claims were denied initially and upon reconsideration.  (T –60-63).  A hearing was held before an ALJ on April 21, 2009.  (T- 23-59).  Thereafter, in a hearing decision dated June 10, 2009, the ALJ determined that the Plaintiff was not disabled.  (T- 4-16).  The Appeals

Council denied review on December 13, 2010, making the June 2009 decision the final decision of the Commissioner.   (T-1-3).

*Statement of Facts and Evidence*

The Plaintiff was forty-four (44) years of age at the time of the ALJ's decision.   (T- 29-30).   She completed high school and has past relevant work experience as a tollbooth supervisor.   (T- 30-31).   As determined by the ALJ, Plaintiff suffers from severe impairments in the form of obesity, diabetes mellitus, bipolar disorder, and anxiety.   (T- 10).   The ALJ found that the Plaintiff did not have an impairment or combination thereof that met or medically equaled a listed impairment, and further, that Plaintiff retained the residual functional capacity to perform work at the medium exertional level with certain restrictions.   (T- 11-12).   The ALJ then concluded that the Plaintiff could return to her past relevant work as a deli worker and cafeteria attendant and thus she was not disabled.   (T- 15-16).

## DISCUSSION

The Plaintiff asserts that the ALJ erred in categorizing her past jobs of deli worker and cafeteria attendant as past relevant work, failed to provide a proper residual functional capacity finding, and failed to properly consider the opinion of disability issued by her treating physician.

*Past relevant work*

The Commissioner concedes that the ALJ erred in finding that Plaintiff's past work as a deli worker and cafeteria attendant qualified as past relevant work, inasmuch as these jobs did not rise to the level of substantial gainful activity.   *See* 20 C.F.R. § 404.1560(b)(1)("Past relevant work is work that you have done within the past 15 years, that was substantial gainful activity, and that lasted long enough for you to learn to do it.").   However, the Commissioner asserts that this error was harmless, as the record contained evidence that the Plaintiff could perform other work and was thus not disabled.

A review of the ALJ's findings and the Vocational Expert's testimony reveals that the ALJ's error in determining Plaintiff's ability to return to past relevant work was not harmless. The harmless error doctrine essentially dictates that if remand for the correction of an error would not change the outcome of the administrative result, such error is deemed harmless. *See Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983) (recognizing that the harmless error standard applies in Social Security cases); *Hall v. Comm'r. of Social Security*, 2010 WL 1252180 (M.D.Fla.) (finding that ALJ's error in determining past relevant work was not harmless because ALJ ended findings and analysis at Step four); *Joyner v. Astrue*, 2011 WL 4530678 (M.D.Fla.) (ALJ's error was not harmless where it was "not clear to the Court that remand would amount to an empty exercise.").

Herein, the Court is left to speculate as to what the ALJ might or might not have found based on very limited testimony from the Vocational Expert as to other work the Plaintiff might be able to perform.  ( T – 56).   The testimony shows that the ALJ concluded his questioning of the Vocational Expert after posing hypotheticals regarding Plaintiff's ability to perform her past work activity.  ( T – 54).   Only when Plaintiff's counsel posed a hypothetical with greater restrictions than in those hypotheticals posed by the ALJ did the Vocational Expert discuss other jobs in the national economy that the hypothetical individual could perform, stating:

> There's only one job title [in the national economy that an individual with those limitations could do] in the DOT, and I'm not saying that's the only one.  The only one I'm aware of that would fit this hypothetical.  And that would be surveillance system monitor.

*Id.* at 55.

Notably missing from the Vocational Expert's testimony as to other jobs in the national economy is any testimony as to the numbers of such job(s) available.  "In the absence of [testimony regarding the basis for the number of jobs available given the claimant's limitations], we are without

4

'relevant evidence that a reasonable mind might accept as adequate to support' the conclusion that there are other jobs that [the claimant] is able to perform." *Lynch v. Astrue*, 358 Fed.Appx. 83, 88 (11th Cir. 2009) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"[W]ithout clearly articulated grounds for [the ALJ's decision], [the Court] cannot determine whether the ALJ's conclusions were rational and supported by substantial evidence", requiring that this matter be reversed and remanded. *Winschel v. Comm'r. of Social Security*, 631 F.3d 1176, 1179 (11th Cir. 2011); *see also, Lawton v. Comm'r. of Social Security*, 2011 WL 2471475 (M.D.Ga. Docket No. 5 : 09-CV-239-MTT) (failure of ALJ to reference and assign weight to treating physicians' opinions, which were contrary to the ALJ's residual functional capacity assessment, required reversal and remand). Although the Commissioner urges this Court to assume that the ALJ would have found the Plaintiff capable of other work, the record is insufficient to support this conclusion. *See Bush v. Astrue*, 571 F.Supp.2d 866, 878 (N.D.Ill. 2008) ("The Commissioner is essentially asking the Court to conduct its own step five analysis, even though the ALJ only reached step four of the sequential evaluation. The distinction between step four and step five is not insignificant, since once a claimant makes it past step four, the burden shifts to the Commissioner to demonstrate that the claimant can successfully perform a significant number of jobs that exist in the national economy.").

*Residual functional capacity*

The Commissioner also admits that "the ALJ included two question marks in the RFC finding [in his final decision] instead of specifying the number of hours Plaintiff could concentrate and interact with coworkers and supervisors." (Defendant's Brief, Doc. 11, p. 14). The Commissioner maintains, however, that the question marks were merely "immaterial, typographical error[s]" and that the ALJ's hypothetical to the Vocational Expert included the correct numbers, so that the Vocational Expert's testimony provided substantial evidence in support of the ALJ's decision. *Id.*

Although the Commissioner maintains that the Vocational Expert's testimony provides substantial evidence to support the ALJ's residual functional capacity analysis and conclusions, the Vocational Expert's testimony herein is incomplete.   In assessing residual functional capacity, the ALJ must "make specific and well-articulated findings as to the effect of the impairments".   *Maffia v. Comm'r. of Social Security*, 291 Fed.Appx. 261, 263 (11th Cir. 2008).   The Vocational Expert's testimony, based on questioning from the ALJ, does not include adequate testimony as to other jobs Plaintiff was capable of performing, and the ALJ erred in finding that Plaintiff could return to past jobs that did not qualify as past relevant work.   Thus, the Vocational Expert's testimony cannot provide substantial evidence to support or fill in the gaps in the ALJ's residual functional capacity finding, and the record remains unclear as to the ALJ's actual findings on residual functional capacity.

*Physician's opinion*

Finally, the Plaintiff asserts that the ALJ erred in discounting the opinion of disability issued by her treating physician.   Specifically, Dr. Vandewalle opined in a Psychiatric Review Technique assessment and accompanying consultant's notes in March 2009 that the Plaintiff was disabled by virtue of her mental conditions.   (T – 624-632).

Pursuant to 20 C.F.R. § 404.1527(e)(2), the Commissioner will "consider opinions from treating and examining sources on issues such as . . . your residual functional capacity . . . [although] the final responsibility for deciding these issues is reserved to the Commissioner."   "A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled."   20 C.F.R. § 404.1527(e)(1).   Good cause to discount the opinion of a physician has been found to exist "where the doctor's opinion was not bolstered by the evidence, or where the evidence supported a contrary finding.   We have also found good cause where the doctors' opinions were conclusory or inconsistent with their own medical records."   *Lewis v. Callahan*, 125 F.3d 1436, 1440

(11th Cir. 1997) (internal citations omitted). As the *Lewis* court noted, "[w]e are concerned here with the doctors' evaluations of [the plaintiff's] condition and the medical consequences thereof, not their opinions of the legal consequences of [her] condition." *Id.*

"Absent 'good cause', an ALJ is to give the medical opinions of treating physicians 'substantial or considerable weight'. . . With good cause, an ALJ may disregard a treating physician's opinion, but he 'must clearly articulate [the] reasons' for doing so." *Winschel*, 631 F.3d at 1179 (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004)).

Medical records reveal that the Plaintiff was diagnosed with a mood disorder and bipolar disorder as early as 2004. (T – 470). Plaintiff has been hospitalized multiple times for psychiatric issues since her alleged onset date, each hospitalization lasting several days and involving the adjustment of Plaintiff's medication levels. (T – 274, 332, 347, 349, 390, 483, 492, 536, 701) Records reveal that Plaintiff has continued outpatient treatment with repeated hospitalizations for her bipolar and anxiety conditions. (T – 379, 492, 701).

In his March 2009 assessment of the Plaintiff's mental condition, Dr. Vandewalle, who had treated the Plaintiff beginning in 2007 at the Georgia Pines Mental Health Center, concluded that the Plaintiff suffered from affective and anxiety-related disorders meeting Listings 12.04 and 12.06. (T – 624-628). Specifically, Dr. Vandewalle found that the Plaintiff suffered from depressive syndrome characterized by appetite disturbance, difficulty concentrating and thoughts of suicide, manic syndrome, and bipolar syndrome, accompanied by generalized persistent anxiety. *Id.*

The ALJ gave no weight to the opinion of disability issued by Dr. Vandewalle, finding that:

> [t]he undersigned gives no evidentiary value to the medical opinions of
> Dr. Vanderwalle [sic] . . . because it is inconsistent with other
> substantial objective medical evidence in the case record.

(T – 14).

Although he detailed various reasons for discrediting Dr. Vandewalle's opinion of disability, the ALJ essentially found that Dr. Vandewalle's opinion conflicted with the objective medical record and treatment notes and was internally inconsistent.   (T – 14-15).

A review of the objective medical record reveals that the ALJ's conclusions in this regard are not supported by substantial evidence.   The inconsistencies to which the ALJ points do not support a complete rejection of Dr. Vandewalle's findings, and are outweighed by the findings present in the objective medical record which support Dr. Vandewalle's conclusions.   The objective medical record contains evidence of Plaintiff's repeated hospitalizations for inpatient psychiatric stabilization related to her bipolar disorder, including episodes of self-mutilation, between 2006 and 2009.   The record also reveals Plaintiff's continued outpatient treatment for bipolar disorder and depression, and confirmation from treating physician Dr. Abdul Bari that Plaintiff's bipolar disorder, involving multiple relapses after medical stabilization, results in restrictions on Plaintiff's residual functional capacity.   (T – 690-691).

To the extent that Plaintiff asserts that the ALJ erred in discrediting Dr. Vandewalle's findings that her mental condition met or equaled Listings 12.04 and 12.06, the Court notes that the ALJ did not specifically address these findings by Dr. Vandewalle, but did find at Step Two that Plaintiff's condition did not meet or equal any Listing.   On remand, the ALJ should reexamine Dr. Vandewalle's findings regarding Plaintiff's impairments and in regard to the listings in light of the findings present in the objective medical record.

*Conclusion*

Inasmuch as the Commissioner's final decision in this matter is not supported by substantial

evidence and was reached through an improper application of the legal standards, it is the recommendation of the undersigned that the Commissioner's decision be **REVERSED and REMANDED** pursuant to Sentence Four of § 405(g) for further consideration.   Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this Recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

The Court notes that Plaintiff's Reply Brief was seventeen (17) pages in length, with two attached exhibits totaling eighteen (18) additional pages, and thus exceeded the page limitation set out in Local Rule 7.4.   (Doc. 13).   As this brief exceeded the permissible length of ten (10) pages, and the Plaintiff did not petition the Court for permission to exceed the page limitation, the Court was not required to consider it.   Counsel for Plaintiff is admonished to comply with Local Rule 7.4 in future filings.

**SO RECOMMENDED**, this 2nd day of February, 2012.


s/ *THOMAS Q. LANGSTAFF*

**UNITED STATES MAGISTRATE JUDGE**


asb