IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| DENISE M. TORRES, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CASE NO.: 1:11-CV-24 (WLS) |
| : | |
| CAROLYN COLVIN, *Acting* : | |
| *Commissioner of Social Security*, : | |
| : | |
| Defendant. : | |
| : | |

**ORDER**

On February 23, 2012, this Court reversed the decision of the Commissioner of the Social Security Administration and remanded the above-captioned case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 16.) On October 24, 2012, Plaintiff moved for attorney's fees under the Equal Access to Justice Act ("EAJA") in connection with her social security appeal and remand. (Doc. 18.) Based on Plaintiff's Motion and the Commissioner's assertion that the Social Security Administration did not oppose the Motion (Doc. 19), the Court granted Plaintiff's Motion for attorney's fees in the amount of $5,945.14, and entered Judgment in favor of Plaintiff. (Docs. 20 & 21.)

Plaintiff's instant Motion for Attorney's Fees under the Social Security Act (Doc. 22) requests attorney's fees in the amount of $14,457.00 under 42 U.S.C. § 406(b). Plaintiff's attorney also acknowledges that he must refund to Plaintiff the previous EAJA fee award of $5,945.14. The amount requested is 25% of Plaintiff's past due benefits. Defendant does not object to the requested attorney's fees. (Doc. 23.)

In *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002), the United States Supreme Court held that contingency fee agreements, such as the one in this case, are permissible so long as the fee does not exceed 25% of Plaintiff's back benefits, subject to "court review of such arrangements as an independent check, to assure that they yield reasonable results in

1

particular cases." *Id.* at 807; *see* 42 U.S.C. § 406(b).  Issues to consider when assessing reasonableness include, for example, whether the attorney's work was substandard, whether the attorney was responsible for any delays (and would thereby profit from the accumulation of additional back benefits during the delay), or whether the benefits are large in comparison to the amount of time counsel spent on the case.  *Gisbrecht*, 535 U.S. at 808.

In this case, Plaintiff's counsel requests a total of $14,457.00, which is 25% of Plaintiff's back benefits.  (Doc. 22-1 at 1-2.)  Plaintiff's counsel asserts that he provided approximately 32.90 hours of attorney services over the course of two years.  (*Id.* at 2.)  Because there is no indication that Plaintiff's counsel is receiving a windfall or that his performance was substandard, Plaintiff's Motion for Attorney's Fees Under the Social Security Act (Doc. 22) is **GRANTED**.  The Court finds that a reasonable attorney fee for Plaintiff's counsel, Charles L. Martin, for representation of Plaintiff in this Court is $14,457.00.  Because Plaintiff's counsel was previously awarded $5,945.14 in fees and counsel acknowledges that those fees are to be refunded to Plaintiff, the Commissioner is ordered to pay to Charles L. Martin the net amount of $8,511.86 out of Plaintiff's past-due back benefits.  *See Jackson v. Comm'r of Social Sec.*, 601 F.3d 1268, 1274 (11th Cir. 2010).

**SO ORDERED**, this  4th  day of April 2014.

/s/ W. Louis Sands
**W. LOUIS SANDS, JUDGE**
**UNITED STATES DISTRICT COURT**